IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BARBARA J. "BOBBI" HIRAGA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF SALMON, a municipal entity,  and CARY COOK,<br><br>　　　　　Defendants. | Case No.  4:10-CV-606-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion for summary judgment filed by defendant Cary Cook and a motion to strike filed by defendant City of Salmon.  The Court held oral argument on July 9, 2012, and took the motions under advisement.  For the reasons expressed below, the Court will grant Cook's motion for summary judgment and deem moot the City's motion to strike.

## ANALYSIS

Plaintiff Hiraga broke her wrist when she fell outside of Cook's store on Main Street in Salmon.  In this action she has sued Cook and the City of Salmon for their negligence in maintaining the sidewalk.

Cook seeks summary judgment on the ground that he owed no duty to Hiraga to maintain the sidewalk.  Under Idaho law, "an abutting owner owes the public no duty to

**Memorandum Decision & Order - 1**

keep the sidewalk in a safe condition unless the abutter has caused the complained of condition." *Curl v. Indian Springs Natatorium*, 550 P.2d 140, 142 (Id.Sup.Ct. 1976). An abutting owner could cause the "complained of condition" when, for example, he constructs an awning that drains water onto the sidewalk and creates a dangerous icy condition. *See McKinley v. Fanning*, 595 P.2d 1084 (Id.Sup.Ct. 1979) (denying summary judgment to abutting owner under those circumstances).

Hiraga proffers no facts showing that Cook committed any affirmative acts that caused her fall. Instead, Hiraga argues that Cook had a duty to maintain the sidewalk under the Salmon City Code, and that his failure to perform his duty caused her injuries.

The Code states that the "construction, repair, and maintenance of sidewalks . . . is the responsibility of the abutting property owner." *See City of Salmon Code* § 7-1-1 A. This provision of the Code, Hiraga argues, alters the common law rule stated in *Curl* and imposes on Cook a duty to the public to maintain the sidewalk.

The Court disagrees for two reasons. First, it is not clear that the City has authority to alter the Idaho tort law governing abutting owners that was addressed in *Curl*. The source of the City's authority over sidewalks – as cited in the Code itself – is Idaho Code § 50-317. That statute merely authorizes cities to "cause all sidewalks . . . to be cleared of snow, ice, and rubbish, and the cutting of trees, weeds, and grass . . . and to assess the cost thereof against the . . . property abutting the . . . sidewalks . . . so cleaned." That statute says nothing about authorizing cities to modify the common law and make

**Memorandum Decision & Order - 2**

abutting owners generally liable to third parties for failing to maintain the sidewalks.[1]

In similar situations, courts have held that a city lacks authority to alter the common law and shift liability to abutting owners for sidewalk injuries. *See Dreher v. Joseph*, 759 A.2d 114, 261-62 (Conn.App.Ct. 2000) (holding that state statute did not authorize town to "shift liability for raised or uneven sidewalks to abutting landowners"); *Bivens v. Grand Rapids*, 505 N.W.2d 239 (Mich.Sup.Ct. 1993) (holding that city lacked authority to alter common law and impose liability on abutting owners for sidewalk injuries).

But the Court need not – and does not – hold that Idaho Code § 50-317 provides no authority, because even if it authorizes the City to pass ordinances altering the common law, the City of Salmon did not do so in § 7-1-1 A. That provision says nothing at all about shifting liability to abutting owners in derogation of the common law. "The rules of the common law are not to be changed by doubtful implication, nor overturned except by clear and unambiguous language." *Washington County v. Weiser Nat. Bank*, 255 P. 310 (1927). This requirement that the language be clear is not satisfied by an ordinance that merely imposes a duty of sidewalk maintenance on an abutting owner without also expressly shifting liability. *See, Contreras v. Anderson*, 69 Cal.Rptr. 2d 69 (Calif. Ct.App. 1998). In *Contreras*, the plaintiff sued abutting owners for injuries

---

[1] Other statutes in this Chapter similarly discuss the authority of a city to repair or remove obstructions on sidewalks without discussing the liability of abutting owners. *See Idaho Code §§ 50-314 to -316.*

**Memorandum Decision & Order - 3**

suffered in a fall on the sidewalk outside their shop. The lower court had held that a city ordinance requiring the abutting owners to maintain the sidewalk did not create a cause of action for injured pedestrians, and the plaintiff appealed.

The appellate court began its analysis by quoting the ordinance's requirement that abutting owners must maintain the sidewalks so that they will not "endanger persons . . . passing thereon," and observed that "the ordinance does not provide any cause of action against the abutting owner for injuries suffered on the sidewalk, but imposes only penalties payable to the city for violations of the ordinance." *Id*. at 196. California case law had previously held – just as *Curl* holds in Idaho – that abutting owners had no duty of care towards the public on the sidewalks. *Id*. at 195. The appellate court held that the ordinance could not "impose a wholly new duty upon the property owner" such as a duty to the public "without clear and unambiguous language," which did not exist. *Id*. at 195-96. *See also Levendoski v. Geisenhaver*, 134 N.W. 2d 228 (Mich.Sup.Ct. 1965)(holding that ordinance imposing sidewalk maintenance duty on abutting owner did not create duty to pedestrians absent express liability-shifting language in the ordinance).

An example of a city ordinance that does shift liability can be found in New York City. *See Gangemi v. City of New York*, 827 N.Y.S.2d 498 (Sup.Ct. 2006). There, the Sidewalk Law states that the abutting owner "shall be liable for any . . . personal injury . . .caused by the failure of such owner to maintain such sidewalk in a reasonable safe condition." *Id.* at 501. The ordinance further states that "the city shall not be liable for any . . . personal injury . . . caused by the failure to maintain sidewalks . . . ." *Id.* This

**Memorandum Decision & Order - 4**

language, the court held, was sufficient to shift liability:

> Moreover, general common-law principles relating to ownership of property are not applicable when, as a legitimate exercise of police power, a local ordinance or statute both specifically charge abutting landowners with a duty to maintain and repair sidewalks *and* imposes upon them liability to third parties for damages and injuries resulting from the breach of that duty.

*Id*. at 504 (emphasis added). Such language cannot be found in the City of Salmon Code, an absence that precludes a finding that the City intended to overrule the common law rule addressed in *Curl*. Although not determinative, and not necessary to the Court's analysis, it is worth noting that the City of Salmon agrees that its Code does not shift liability to Cook. *See City's Non-Opposition to Cook's Motion for Summary Judgment (Dkt. No. 26)* at p. 2 (citing cases holding that city ordinances that impose maintenance duty on abutting owner do not, without express language, impose duty on abutting owner to pedestrians injured on sidewalks).

While the Idaho Supreme Court has not resolved the issue faced here, the Court is confident that if the issue came before them, they would find persuasive *Contreras* and *Levendoski*. *See Hayes v. County of San Diego*, 658 F.3d 867, 871 (9th Cir. 2011) (holding that "where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it").

For all of these reasons, the Court will grant Cook's motion for summary judgment.[2]

---

[2] The Court's analysis moots the City's motion to strike.

**Memorandum Decision & Order - 5**

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that Cook's motion for summary judgment (docket no. 21) is GRANTED, and that defendant Cook be dismissed from this action.

IT IS FURTHER ORDERED, that the City's motion to strike (docket no. 27) is DEEMED MOOT.



DATED: **July 10, 2012**

B. LYNN WINMILL
Chief Judge
United States District Court